IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN TYSON<br><br>**Plaintiff,**<br><br>v.<br><br>REUBEN LEE,<br>AAA COOPER<br>TRANSPORTATION, INC,<br><br>**Defendants.** | CIVIL ACTION NO.<br>3:19-CV-161-TCB |

## **FIRST AMENDED COMPLAINT FOR DAMAGES**

COMES NOW, BRIAN TYSON hereinafter "Plaintiff", by and through his undersigned counsel, files this Amended Complaint for Damages and shows this Honorable Court as follows:

1.

Plaintiff is a resident of the State of Georgia and has been a resident of the State of Georgia at all times relevant to this case.

2.

Defendant, AAA COOPER TRANSPORTATION, Inc., is a domestic corporation authorized to do business in the State of Georgia and is subject to the jurisdiction and venue of this Court. Service of process may be perfected upon this

Defendant through its registered agent: REGISTER AGENT SOLUTIONS, LLC, 900 Old Roswell Lakes Pkwy, Suite 310, Roswell, GA, 30076.

3.

Defendant, Reuben Lee's, residence is unknown, however Defendant's Initial Disclosures lists this Defendant's address as Reuben Lee, c/o Scott H. Moulton and Sandro Stojanovic, 191 Peachtree Street, 191 Peachtree Street, N.E., Suite 2900, Atlanta, Georgia, 30303-1740.

4.

Defendants are subject to the jurisdiction of this Court.

5.

This Court has jurisdiction over the subject matter of this action.

6.

Venue is proper in this Court pursuant to the transfer filed by Defendant AAA Cooper Transportation, Inc., said Notice being filed November 19, 2019

## COUNT I

### NEGLIGENCE

7.

On or about February 26, 2018 at approximately 12:30 p.m., Plaintiff was at ASSA ABLOY in the back lot of the business, State of Georgia.

8.

At the same time and on the occasion in question, Defendant REUBEN LEE, the operator of a small box truck, was also traveling in the back lot of ASSA ABLOY, State of Georgia.

9.

At the time in question, Defendant REUBEN LEE failed to operate his vehicle in a safe manner by failing to keep a proper lookout, causing a collision with Plaintiff resulting in bodily injury to Plaintiff.

10.

As a consequence of his negligent driving, Defendant REUBEN LEE breached his duty of ordinary care to the automobile-driving public and to Plaintiff in particular.

## COUNT II

### NEGLIGENT ENTRUSTMENT/HIRING AGAINST AAA COOPER TRANSPORTATION, INC.

11.

Defendant AAA COOPER TRANSPORTATION is liable under the doctrine of respondeat superior for the harm caused to Plaintiff by the wrongful acts of their employees, Defendant REUBEN LEE who was acting in the scope and course of his

employment with Defendant AAA COOPER TRANSPORTATION, INC., and during the actual transaction of Defendant AAA COOPER TRANSPORTATION INC.'s business when he caused the subject collision and proximately caused serious injuries to Plaintiff.

12.

The Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 10 above as if fully restated herein.

13.

At all times material to this Complaint, Defendant REUBEN LEE was a driver and agent for, and employee of Defendant AAA COOPER TRANSPORTATION INC., with the express knowledge, consent, and permission of Defendant to operate the aforesaid vehicle at the time of the collision.

14.

At all times material to this Complaint, Defendant AAA COOPER TRANSPORTATION, INC., retained exclusive possession, control, and responsibility for the vehicle and Defendant REUBEN LEE.

15.

Defendant REUBEN LEE's use and operation of the truck he was driving at the time of the collision was in furtherance of the business interests of Defendant AAA COOPER TRANSPORTATION, INC.

16.

Defendant AAA COOPER TRANSPORTATION, INC. negligently hired, trained, supervised, and retained Defendant REUBEN LEE and failed to investigate or evaluate his skills, training and background.

17.

Defendant AAA COOPER TRANSPORTATION, INC. failed to provide Defendant REUBEN LEE with necessary and proper equipment and failed to inspect the truck to ensure that it was operating properly and safely.

18.

The independent negligence of Defendant AAA COOPER TRANSPORTATION, INC. was a direct and proximate cause of the serious personal injury sustained by the Plaintiff.

19.

Defendant AAA COOPER TRANSPORTATION, INC. failed to meet its duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify, train, and

supervise the hours of service of Defendant REUBEN LEE the duty to properly inspect and maintain its vehicles; and the duty to implement necessary management controls and systems for the safe operation of its commercial vehicles.

20.

Defendant REUBEN LEE was incompetent to drive a commercial motor vehicle and Defendant AAA COOPER TRANSPORTATION, INC had or should have had actual knowledge of his incompetence; thus, Defendant AAA COOPER TRANSPORTATION, INC is liable for Plaintiffs' injuries for negligently entrusting Defendant REUBEN LEE with the motor vehicle.

21.

The PLAINTIFF is therefore entitled to compensation from Defendant AAA COOPER TRANSPORTATION, INC. for all special and general damages proximately caused by its tortious conduct.

## COUNT III

### CLAIM FOR NEGLIGENCE AGAINST DEFENDANT REUBEN LEE

22.

PLAINTIFF re-alleges and incorporates the allegations contained in Paragraphs 1 through 21 above as if fully restated herein.

23.

On February 26, 2018, Defendant REUBEN LEE was negligent and reckless in the operation of the vehicle he was driving and caused the collision by one or more of the following:

(a) Failing to exercise due care in operating a motor vehicle in violation of O.C.G.A § 40-6-241;

(b) Violating Federal Motor Carrier Safety Regulations, including, without limitation, failing to operate his vehicle in a safe and reasonable manner, violations of which constitute negligence per se;

(c) Otherwise failing to act reasonable and prudently as a professional commercial driver should under the circumstances;

(d) Failing to keep one's vehicle under control, inattention, disregard for other vehicles, and failing to exercise ordinary care to avoid colliding with another motor vehicle, the same being ordinary negligence; and

(e) Other specifications of negligence as may be revealed during the course of this litigation.

24.

As a result of Defendant REUBEN LEE's negligence and recklessness, Plaintiff suffered injuries causing her pain.

25.

As a result of Defendant's negligence and recklessness, Plaintiff suffered special damages for medical bills of at least $55,986.93, the final amount to be proven at trial.

26.

In addition, as a direct and proximate cause of Defendant's negligence and recklessness, the PLAINTIFF has suffered pain of mind and body, which has continued to the present day and may continue indefinitely into the future, as well as other damages.

## **JOINT AND SEVERALL LIABILITY**

27.

The combined acts of Defendants REUBEN LEE, and AAA COOPER TRANSPORTATION, INC, shows this Honorable Court as follows reckless, negligent, and negligent per se and proximately caused plaintiff's injuries and damages, and said Defendants are jointly and severally liable for Plaintiff's injuries and damages.

28.

Defendants have acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense by forcing Plaintiff to resort to the use of the court system in order to resolve this claim when there is no bona fide

controversy. Accordingly, Plaintiff seeks attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11, O.C.G.A. § 9-15-14, and O.C.G.A. § 33-4-6.

29.

By engaging in the above-described conduct, and further by leaving the scene of the incident after causing serious bodily harm to the Plaintiff, Defendants acted in an intentional, malicious, fraudulent, willful, and wanton manner, evincing such an entire want of care as to raise the presumption of a conscious indifference to the consequences, and the conduct of this Defendant is so aggravating as to warrant, justify, and demand the imposition of punitive damages pursuant to O.C.G.A. §51-12-5.1 to penalize and punish Defendants for the misconduct and to deter Defendants from engaging in such aggravating conduct in the future. Plaintiff hereby specifically pleads for the imposition of punitive damages.

WHEREFORE, Plaintiff pray for judgment against Defendant in the following particulars:

a) Plaintiff be awarded general damages to fully compensate him for his pain and suffering, wage loss, and other human losses in an amount to be determined at trial;

b) Plaintiff be awarded special damages in an amount of at least $55,986.93, the exact amount to be proven at trial to fully compensate him for his medical bills;

c) Plaintiff be awarded special damages in the exact amount to proven at trial to fully compensate him for his future medical expenses;

d) Plaintiff be awarded special damages in exact amount to proven at trial to fully compensate him for his past and future pain and suffering;

e) Plaintiff be awarded special damages for the expenses of litigation under O.C.G.A. § 13-6-11.

f) Plaintiff be awarded special damages of attorney fees as Defendant has acted in bad faith, under O.C.G.A. § 9-15-14 as well as O.C.G.A. § 33-4-6.

g) Punitive damages be imposed against the Defendants pursuant to O.C.G.A. §51-12-5.1

h) Plaintiff be granted a jury panel of twelve (12) from which to select a jury of six pursuant to O.C.G.A § 15-12-122;

i) Process be issued requiring the Defendant to answer according to law;

j) Plaintiff be granted such further and other relief as is just and proper.

Respectfully submitted this 4th day of February, 2020

BADER SCOTT INJURY LAWYERS,

/s/ Kevin Schumaker

**Kevin Schumaker**
Georgia Bar # 142201
**Jonathan Rosenberg**
Georgia Bar # 274204/
Attorneys for Plaintiff

Bader Scott Injury Lawyers
3384 Peachtree Road, NE
Suite 500
Atlanta, GA 30326
404-888-8888